IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUL 28 P 3: 23

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

RONALD WEAREN,     *

    Plaintiff,     *

v.                             Case No.: GJH-16-2205

                            *

STATE OF MARYLAND, *et al.*,   *

    Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Pro se Plaintiff Ronald Wearen initiated this action pursuant to 42 U.S.C. §1983 on June 17, 2016, and also filed a Motion to Proceed in Forma Pauperis. ECF Nos. 1 & 2. Wearen's financial affidavit and inmate account show he is indigent, and the Court will grant the Motion to Proceed in Forma Pauperis.

Wearen, who is housed at the Patuxent Institution, complains that on April 27, 2016, Officer Bauer "wrote a false police report" charging him with first degree-assault, second-degree assault and reckless endangerment. As a result, Wearen was arrested, and, because he was unable to go to work at his job as an electrician, was terminated from his employment. As relief, he seeks to be paid for his lost wages. *See* ECF No. 1 at 3. The Court takes notice that Wearen is charged in the District Court for Prince George's County in criminal Case No. 2E00593350 with two counts of second-degree assault and one count of reckless endangerment. On May 27, 2016, the first-degree assault charge was dropped. *Id*. The second-degree and reckless endangerment charges remain pending. No trial date has been set. On June 27, 2016, Wearen filed a Petition for Writ of Habeas Corpus and Motion to Waive Prepayment of the filing fee in the Circuit Court for

Baltimore City, in Case No. 24H16000128. There are no other docket entries in that case.

"Under 28 U.S.C. § 1915(e), which governs [*in forma pauperis*] filings . . . , a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). Although a self-represented plaintiff's pleadings are liberally construed to allow the development of a potentially meritorious case, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the complaint must articulate facts that, when accepted as true, demonstrate a claim to relief that is plausible on its face. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (dismissing pro se complaint that fails to allege any factual basis for the claims); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955 (2007). Wearen's Complaint will be dismissed without prejudice pursuant to this standard.

First, Wearen's claims against the State of Maryland and Officer Bauer in his official capacity are barred under the Eleventh Amendment, which provides that "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099(1985); *see also*; *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, 120 S. Ct. 631 (2000); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114 (1996). A state official acting in his official capacity is protected from a damages action by the same immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–03, 104 S. Ct. 900 (1984); *see*

*also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71, 109 S. Ct. 2304 (1989) (noting that a state official is not a "person" suable under 42 U.S.C. § 1983). While the State of Maryland has waived sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12–201(a), it has not waived immunity under the Eleventh Amendment to suit in federal court. Thus, Wearen's claims against the State of Maryland and Officer Bauer, in his official capacity are barred by the Eleventh Amendment.

Second, absent extraordinary circumstances not alleged here, federal courts are not authorized to interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746 (1971). Federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims could be presented in the ongoing state judicial proceeding. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52–53 (4th Cir. 1989). *Younger* abstention is appropriate in cases in which (1) there is an on-going state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state case. *Emprs. Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).[1] Such is the case here. If Wearen intends to attack the criminal charges pending against him, he must challenge their legitimacy as part of his state criminal proceeding. *See, e.g., Ballenger v. Owens*, 352 F.3d 842, 845-46 (4th Cir. 2003). The State of Maryland has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference.

Third, Wearen does not allege Defendants knowingly made a false report against him. The unsubstantiated allegation of a "false" police report does not implicate a constitutional

---

[1] While there are exceptions to applying the *Younger* abstention doctrine, none are apparent here. *See Nivens v. Gilchrist*, 44 F.3d 237, 241 (4th Cir. 2006) (*Younger* is not applied only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury.").

violation as there is no clearly established constitutional right to an accurate police report. *See Royster v. Schluderberg*, PJM 10-2121, 2013WL781599 at *2 (D. Md. Feb. 28, 2013) (observing that in the few reported opinions addressing § 1983 claims arising out of false police reports, federal courts have reiterated there is no clearly established constitutional right to accurate police reports and granting qualified immunity in favor of police officer defendants).

For these reasons, the Court will dismiss the Complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1915. A separate Order follows.

7/28/2016
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE